UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

OLIVIA THOMPSON,

      Plaintiff,

                              CASE NO.  2:14-CV-10620
                              JUDGE PAUL D. BORMAN
                              MAGISTRATE JUDGE PAUL J. KOMIVES

PANOS X FOODS, INC.
and RED OLIVE COMPANY,

      Defendants.

_____/

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' SECOND MOTION TO COMPEL DISCOVERY (Doc. Ent. 21)

**A.    Background**

      This case was originally filed on February 10, 2014.  Doc. Ent. 1.  On March 13, 2014, plaintiff Olivia Thompson filed a first amended complaint (Doc. Ent. 4) against defendant Panos X Foods, Inc., doing business as Red Olive X, and Red Olive Company.  The alleged facts underlying the complaint stem from plaintiff's January 2013 employment as a waitress and conclude with the August 1, 2013 termination of plaintiff's employment.  Doc. Ent. 4 ¶¶ 7-21.  The causes of action are (I) sexual harassment in violation of Title VII of the Civil Rights Act of 1964 and (II) retaliation in violation of Title VII of the Civil Rights Act of 1964.  Doc. Ent. 4 ¶¶ 22-32.

      Defendants Panos X Foods, Inc. and Red Olive Company filed an answer on April 2, 2014.  Doc. Ent. 9.

**B.    Pending Motions**

      Currently before me are defendants' May 19, 2014 and June 10, 2014 motions to compel

discovery. Doc. Entries 14 and 21.

Judge Borman has referred these motions to me for hearing and determination. Doc. Entries 16 & 22. A hearing was noticed for July 15, 2014. Doc. Ent. 24. It was then adjourned without date. A hearing was then noticed for September 11, 2014. Doc. Ent. 30.

On the date set for hearing, attorneys David A. Hardesty and Kim Thomas Capello appeared.

**C.     Defendants Panos X Foods, Inc. and Red Olive Company's June 10, 2014 second motion to compel discovery (Doc. Ent. 21) concerns a telephone recorded message.**

**1.**     By way of background, in her March 13, 2014 first amended complaint, plaintiff alleges:

> After Plaintiff's schedule was reduced, she complained to her supervisor again about the sexual harassment from the customer and about the retaliatory change to her schedule. Plaintiff stated that Defendants' actions were illegal and that she would contact an attorney. Defendants told Plaintiff that the customer comes first, and that if she was unwilling to tolerate the harassment she should find another job. Plaintiff has a recording of this conversation.

Doc. Ent. 4 ¶ 18.

On April 17, 2014, defendants served amended interrogatories (Nos. 1-11/Nos. 1-20) and requests to produce documents (Nos. 1-18). Doc. Ent. 14-2 at 1-10 (Panos), Doc. Ent. 14-2 at 11-24 (Red Olive Company). Interrogatory 14 from Red Olive Company asks, "Who was present when the recording was made as referenced in paragraph eighteen (18) of YOUR Complaint?" This discovery request also has several sub-parts. Doc. Ent. 14-2 at 20-21. Defendants' Request for Production No. 5 seeks "[a]ll statements taken from any person or witness whether written or recorded or by any other means." Doc. Ent. 14-2 at 9, 23.

On April 23, 2014, defendants served a re-notice of video deposition and requests to produce documents (Doc. Ent. 21-1 at 1-7). The documents to produce were numbered one (1) through twenty-nine (29). Doc. Ent. 21-1 at 5-6. Some of these mention recordings. *See* Doc.

Ent. 21-1 at 6 (Nos. 22, 26 & 28).

On May 19, 2014, plaintiff served responses to defendants' requests to produce Nos. 1-18. Doc. Ent. 21-1 at 8-13,[1] Doc. Ent. 25 at 8-13. In response to Request for Production No. 5, plaintiff stated, "an audio recording is available for inspection at Plaintiff's counsel's office at a mutually convenient time. By way of further answer, Plaintiff states that a printed version of the audio recording is provided herein." Doc. Ent. 21-1 at 10, Doc. Ent. 25 at 10.

It appears that plaintiff was deposed on June 4, 2014 at 10 a.m. *See* Doc. Ent. 21-1 at 1-7. At 12:09 p.m., plaintiff's counsel's office electronically mailed defense counsel (Doc. Ent. 25 at 57-58) and attached a file of emails regarding employment (*see* Doc. Ent. 25 at 14-56 [Bates Nos. 30-71]).

**2.** In their June 10, 2014 second motion to compel discovery (Doc. Ent. 21), defendants mention "the telephone recording that [plaintiff] alleges to have made when speaking to her supervisor, Miri Nilaj." Doc. Ent. 21 at 2 ¶ 5. Specifically, defendants seek the following:

- A. Produce the cellular recording during Plaintiff's adjourned deposition for recording and transcribing purposes, and

- B. Continue the deposition of Plaintiff to permit questioning regarding the recording and to permit questioning regarding the documents that were not produced.

- C. To order Plaintiff to pay the court reporter fees, video reporter fees and additional time and mileage to Defendants' attorney in having to return to continue the deposition of Plaintiff.

- D. Enter sanctions and costs against Plaintiff in the amount of $1,000.00, in having to force Defendants to file this Motion.

Doc. Ent. 21 at 4.

---

[1] According to defendants, this production consisted of twenty-nine (29) documents. Doc. Ent. 21 at 2 ¶ 3.

3

Plaintiff filed a response on June 24, 2014. Doc. Ent. 25. Among other things, plaintiff states: "Defendants have offered no reason why it would be necessary to reopen Plaintiff's deposition to question her about the recording. The words on the recording speak for themselves. Defendants had the opportunity to inquire regarding the circumstances under which the recording was made, and the identity of the other person on the recording (who had already been identified through discovery) at Plaintiff's deposition." Doc. Ent. 25 at 5.

On or about August 20, 2014, plaintiff supplemented her answers to Red Olive Company's first amended set of interrogatories. Doc. Ent. 31 at 21-27. With respect to Interrogatory No. 14, plaintiff stated: "the recording is available for inspection at Plaintiff's counsel's office at a mutually convenient time. Plaintiff has also enclosed a copy of the recording." Doc. Ent. 31 at 22-23.

**3.** It seems clear that defendants now have both a copy of the recording and the documents at issue. Thus, the questions remaining are whether plaintiff's deposition should be continued; if so, whether plaintiff should bear the costs and fees of her continued deposition; and whether plaintiff should be assessed sanctions and costs with respect to the instant motion.

Upon consideration, defendants' June 10, 2014 second motion to compel discovery (Doc. Ent. 21) is granted, but only to the extent it seeks a continuation of plaintiff's deposition to permit questioning regarding the recording and to permit questioning regarding the documents that were not produced *prior to plaintiff's deposition*.

**D.    Order**

Accordingly, defendants' June 10, 2014 second motion to compel discovery (Doc. Ent. 21) is GRANTED IN PART and DENIED IN PART. Specifically, the motion is GRANTED to

4

the extent it seeks a continuation of plaintiff's deposition to permit questioning regarding the recording and to permit questioning regarding the documents that were not produced prior to plaintiff's deposition. It is DENIED in all other respects.

IT IS SO ORDERED.

The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days from the date of receipt of a copy of this order within which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).


Dated: October 15, 2014         s/Paul J. Komives
                                PAUL J. KOMIVES
                                UNITED STATES MAGISTRATE JUDGE


I hereby certify that a copy of the foregoing document was sent to parties of record on October 15, 2014, electronically and/or by U.S. Mail.

                                s/Michael Williams
                                Case Manager for the
                                Honorable Paul J. Komives