UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

OLIVIA THOMPSON,

      Plaintiff,

                        CASE NO.  2:14-CV-10620
                        JUDGE PAUL D. BORMAN
                        MAGISTRATE JUDGE PAUL J. KOMIVES

PANOS X FOODS, INC.
and RED OLIVE COMPANY,

      Defendants.
_____/

**ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANTS' MAY 19, 2014 MOTION TO COMPEL DISCOVERY (Doc. Ent. 14)**

**A.    Background**

This case was originally filed on February 10, 2014.  Doc. Ent. 1.  On March 13, 2014, plaintiff Olivia Thompson filed a first amended complaint (Doc. Ent. 4) against defendant Panos X Foods, Inc., doing business as Red Olive X, and Red Olive Company.  The alleged facts underlying the complaint stem from plaintiff's January 2013 employment as a waitress and conclude with the August 1, 2013 termination of plaintiff's employment.  Doc. Ent. 4 ¶¶ 7-21.  The causes of action are (I) sexual harassment in violation of Title VII of the Civil Rights Act of 1964 and (II) retaliation in violation of Title VII of the Civil Rights Act of 1964.  Doc. Ent. 4 ¶¶ 22-32.

Defendants Panos X Foods, Inc. and Red Olive Company filed an answer on April 2, 2014.  Doc. Ent. 9.

**B.    Discovery Requests**

**1.**    On March 31, 2014, defendant Panos served its first set of interrogatories (Nos. 1-52) and

requests to produce documents (Nos. 1-17).  Doc. Ent. 17-1 at 1-19.  On the same day, defendant Red Olive Company served its first requests for admissions (Nos. 1-20).  Doc. Ent. 17-1 at 20-29.

On April 17, 2014, Panos served its amended first set of interrogatories (Nos. 1-11) and requests to produce documents (Nos. 1-18).  Doc. Ent. 17-2 at 1-10.  On the same date, Red Olive Company served its first amended set of interrogatories (Nos. 1-20) and requests to produce documents (Nos. 1-18).  Doc. Ent. 17-2 at 11-24.

**2.**     On May 19, 2014, plaintiff served answers to Red Olive Company's first amended set of interrogatories (Nos. 1-20) (Doc. Ent. 17-3), answers to Panos's amended first set of interrogatories (Nos. 1-11) (Doc. Ent. 17-4) and responses to defendants' requests to produce documents (Nos. 1-18) (Doc. Ent. 17-5).

**C.    Pending Motion**

Currently pending before me is defendants' May 19, 2014 motion to compel discovery.  Doc. Ent. 14.  Judge Borman has referred this motion to me for hearing and determination.  Doc. Ent. 16.

A hearing was noticed for July 15, 2014.  Doc. Ent. 24.  It was then adjourned without date.  A hearing was then noticed for September 11, 2014.  Doc. Ent. 30.

On the date set for hearing, attorneys David A. Hardesty and Kim Thomas Capello appeared.

**D.    Discussion**

**1.**     Defendants seek entry of an order "compelling Plaintiff to respond to the written interrogatories posed to her and to produce each and every document requested."  Doc. Ent. 14 at 1.  Furthermore, defendants ask for entry of an order "deeming admitted each request for

admissions not timely responded to[,]" as well as an award of sanctions and costs in the amount of $1,000.00. Doc. Ent. 14 at 3.

On May 28, 2014, defendants filed a supplemental motion to compel discovery and motion to deem admitted requests to admit. Doc. Ent. 17. Here, defendants request an award of sanctions and costs in the amount of $1,750.00. Doc. Ent. 17 at 2.

Plaintiff filed a response on May 29, 2014, wherein she requests an award of costs and reasonable attorney fees. Doc. Ent. 18. On June 4, 2014, plaintiff filed a response to the supplemental motion, again requesting an award of reasonable costs and attorney fees. Doc. Ent. 20.

**2.** On July 1, 2014 and July 9, 2014, the parties filed statements of resolved/unresolved issues regarding the May 2014 motions to compel (Doc. Entries 14 & 15), wherein they state that "[n]one of the issues pending in the motion have been resolved." *See* Doc. Entries 26 & 27.

On September 2, 2014, plaintiff filed a supplemental response. Doc. Ent. 31. Therein, among other things, she takes the position that she has provided all responsive information within her possession or knowledge. *See* Doc. Ent. 31 at 1-5. Attached to this filing are plaintiff's August 20, 2014 supplemental answers to defendant Panos's amended first set of interrogatories (Doc. Ent. 31 at 14-20) and supplemental answers to defendant Red Olive Company's first amended set of interrogatories (Doc. Ent. 31 at 21-27).

**3.** During the September 11, 2014 hearing, defense counsel set forth several lines of inquiry, such as:

    (1)    Name and contact information of customer who sexually harassed plaintiff [*see* **First Amended Interrogatory No. 2 from Red Olive Company**];
    (2)    Identification of witness(es) to the incident(s) [*see* **First Amended Interrogatory No. 3 from Red Olive Company**];

(3)    Where and how the customer touched plaintiff [*see* **First Amended Interrogatory No. 8 from Red Olive Company**];[1]

(4)    Identification and/or contact information for people plaintiff has lived with over the past five years [*see* **First Amended Interrogatory No. 16 from Red Olive Company**];

(5)    Summaries of testimony for those listed in plaintiff's July 10, 2014 witness list (Doc. Ent. 28) [*see* **First Amended Interrogatory No. 20 from Red Olive Company**, **First Amended Interrogatory No. 8 from Panos X Foods, Inc.**];

(6)    Plaintiff's specific damages [*see* **First Amended Interrogatory No. 3 from Panos X Foods, Inc.**][2]

In addition to the above items, defendants' September 22, 2014 proposed order compelling discovery seeks:

(7)    the date that plaintiff alleges that Red Olive Company received notice of plaintiff's complaint, including a copy of the July 19, 2013 complaint[3] and a copy of the September 8, 2013 complaint [*see* **First Amended Interrogatory No. 15 from Red Olive Company**]

(8)    the specific language used by Lee which plaintiff alleges was a 'proposition' [*see* **First Amended Interrogatory No. 18 from Red Olive Company**][4]

(9)    identification of each payment plaintiff received from Red Olive Company [*see* **First Amended Interrogatory No. 7 from Panos X Foods, Inc.**]

Defendants' Sept. 22, 2014 Proposed Order.

---

[1] Interrogatories 2-8 were prefaced with a reference to Paragraph 8 of plaintiff's first amended complaint, which stated: "Plaintiff had left her previous employment as a waitress because of a regular customer who sexually harassed her." *See* Doc. Ent. 17-2 at 15, Doc. Ent. 4 ¶ 8.

[2] Interrogatory No. 3 refers to Paragraph 26 of the first amended complaint, which states: "As a direct and proximate result of Defendants wrongful and unlawful conduct, Plaintiff has sustained damages, including emotional distress." Doc. Ent. 17-2 at 6, Doc. Ent. 4 ¶ 26.

[3] "On July 19, 2013, Plaintiff filed a complaint against Defendants with the Michigan Department of Civil Rights." Doc. Ent. 4 ¶ 19.

[4] Interrogatory Nos. 17-18 were prefaced with a reference to Paragraph 11 of the first amended complaint, which states: "While Plaintiff was working, the customer would touch her, proposition her, and give her romantic notes." Doc. Ent. 17-2 at 22, Doc. Ent. 4 ¶ 11.

**4.** Upon consideration, defendants' May 19, 2014 motion to compel discovery (Doc. Ent. 14), as amended by defendants' September 22, 2014 proposed order, is denied. First, I am persuaded that plaintiff, as stated on Page 1 of her September 29, 2014 proposed order, "has provided to Defendants all responsive, relevant information in her possession."

Second, defendants had the opportunity to explore the sufficiency of plaintiff's May 19, 2014 discovery responses (Doc. Entries 17-3, 17-4 & 17-5) at the time of her apparent June 4, 2014 deposition (*see* Doc. Ent. 21-1 at 1-7). This would include plaintiff's May 19, 2014 answers to Red Olive Company's Interrogatory Nos. 3, 8 & 15 (Doc. Ent. 17-3).

Third, following plaintiff's June 4, 2014 deposition, on August 20, 2014, plaintiff supplemented her answers to defendant Panos's amended first set of interrogatories (Doc. Ent. 31 at 14-20) and to defendant Red Olive Company's first amended set of interrogatories (Doc. Ent. 31 at 21-27). Here, I find plaintiff's supplemental answers to Red Olive Company's Interrogatory Nos. 2,[5] 18 and 20 sufficient; however, I conclude that plaintiff should provide the name of her minor daughter in response to Red Olive' Company's Interrogatory No. 16, in accordance with the terms set forth below. *Compare* Doc. Ent. 17-3 at 1-15, Doc. Ent. 31 at 21-27. Moreover, I find plaintiff's supplemental answers to Panos X Foods, Inc.'s Interrogatory No. 3, Interrogatory No. 7 and Interrogatory No. 8 sufficient. *Compare* Doc. Ent. 17-4 at 2, 4; Doc. Ent. 31 at 15, 17-19.

For the most part, I am convinced that plaintiff, as stated on Page 8 of her September 29, 2014 proposed order, "provided sufficient answers to each of the interrogatories for which

---

[5]Also, with regard to Red Olive Company's Interrogatory No. 2, I note that Page 2 of plaintiff's September 29, 2014 proposed order states: "[d]uring [the September 11, 2014] oral argument, counsel for Defendants indicated . . . that he had actually interviewed 'Lee' earlier in the litigation[.]"

5

Defendants seek an order compelling further responses." Notwithstanding these conclusions, plaintiff is reminded of her continuing duty to supplement her discovery responses. *See* Fed. R. Civ. P. 26(e) ("Supplementing Disclosures and Responses."), Fed. R. Civ. P. 37(c) ("Failure to Disclose, to Supplement an Earlier Response, or to Admit.").

**E.     Order**

Accordingly, defendants' May 19, 2014 motion to compel discovery (Doc. Ent. 14), as amended by defendants' September 22, 2014 proposed order, is GRANTED to the extent it seeks the name of plaintiff's minor daughter in response to Red Olive Company's First Amended Interrogatory Number 16. However, the disclosure of plaintiff's minor daughter's name does not constitute permission to question her outside of plaintiff's presence.

Defendants' motion as amended is DENIED in all other respects. Furthermore, the parties' requests for sanctions, costs and/or attorney fees are DENIED.

IT IS SO ORDERED.

The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days from the date of receipt of a copy of this order within which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).

Dated: October 23, 2014        s/Paul J. Komives
                               PAUL J. KOMIVES
                               UNITED STATES MAGISTRATE JUDGE

I hereby certify that a copy of the foregoing document was sent to parties of record on October 23, 2014, electronically and/or by U.S. Mail.

                               s/Michael Williams
                               Case Manager for the
                               Honorable Paul J. Komives