UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

OLIVIA THOMPSON,

    Plaintiff,

v.

RED OLIVE COMPANY,

a Michigan corporation, and
PANOS X FOODS, INC.,

    Defendants.

_____/

Case No. 14-10620

Paul D. Borman
United States District Judge

Paul J. Komives
United States Magistrate
Judge

ORDER DENYING PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE
PAUL J. KOMIVES'S NOVEMBER 21, 2014 ORDER AND AFFIRMING THE ORDER

This matter is before the Court on Plaintiff's Objections (ECF No. 42, Objections) to Magistrate Judge Komives's November 21, 2014 Order Granting in Part and Denying in Part Defendants' Motion for Protective Order & Plaintiff's Motion for Sanctions for Defendants' Failure to Appear for Deposition (ECF No. 41, 11/21/14 Order). Defendants filed a Response to Plaintiff's Objections. (ECF No. 43.) Having reviewed the Order and the Objections pursuant to Fed. R. Civ. P. 72(a) and 28 U.S.C. § 636(b)(1)(A), the Court concludes that Magistrate Judge Komives's rulings were neither clearly erroneous nor contrary to law and accordingly DENIES Plaintiff's Objections and AFFIRMS the 11/21/14 Order.

**I.    BACKGROUND**

Plaintiff seeks to depose two fact witnesses in this case, Miri Florjan and Dilip KC, both of whom have a limited command of the English language. Defendants sought a protective order from

the Court after the parties were unable to agree upon a mutually acceptable time for the depositions to proceed in the presence of an interpreter. Specifically, Miri Florjan was unable to commence a deposition before 2:00 p.m. as he worked as a cook for both the breakfast and lunch shifts at the Red Olive restaurant and defense counsel was unable to attend the deposition of Dilip KC at the noticed time because he had to appear for Wednesday morning motion call at Oakland County Circuit Court at the date and time noticed for KC's deposition. Additionally, when KC did appear for his deposition, Plaintiff failed to provide an interpreter as defense counsel had requested and defense counsel refused to allow the deposition to proceed. Plaintiff thereafter sought sanctions for Defendants' failure to produce Florjan and KC for deposition.

Magistrate Judge Komives ruled that the deposition of Miri Florjan was to commence not before 2:00 p.m. on any given noticed date but could continue to a second day, also commencing not before 2:00 p.m., if necessary. Magistrate Judge Komives also ruled that either Plaintiff or Defendant could have an interpreter present but that each party would be responsible to bear the cost for the interpreter that they chose to provide. Finally, Magistrate Judge Komives denied the parties' requests for costs, fees, expenses and/or sanctions. (ECF No. 41, Order.)

## II. STANDARD OF REVIEW

28 U.S.C. § 636(b)(1)(A) and Federal Rule of Civil Procedure 72(a) both provide that a district judge must modify or set aside any portion of a magistrate judge's non-dispositive pretrial order found to be "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). The United States Supreme Court and the Sixth Circuit Court of Appeals have stated that "a finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."

2

*United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948) (explaining the clearly erroneous standard under Rule 52(a)); *Hagaman v. Comm'r of Internal Revenue*, 958 F.2d 684, 690 (6th Cir. 1992) (quoting *U.S. Gypsum Co.*).  *See also United States v. Mandycz*, 200 F.R.D. 353, 356 (E.D. Mich. 2001) (explaining the standard under Rule 72(a)).

This standard does not empower a reviewing court to reverse the Magistrate Judge's finding because it would have decided the matter differently.  *Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 573 (1985) (interpreting the clearly erroneous standard in Rule 52(a)).  The Sixth Circuit has noted that: "[t]he question is not whether the finding is the best or only conclusion that can be drawn from the evidence, or whether it is the one which the reviewing court would draw.  Rather, the test is whether there is evidence in the record to support the lower court's finding, and whether its construction of that evidence is a reasonable one."  *Heights Cmty. Cong. v. Hilltop Realty, Inc.*, 774 F.2d 135, 140 (6th Cir. 1985).

"The 'clearly erroneous' standard applies only to the magistrate judge's factual findings; his legal conclusions are reviewed under the plenary 'contrary to law' standard. . . . Therefore, [the reviewing court] must exercise independent judgment with respect to the magistrate judge's conclusions of law."  *Haworth, Inc. v. Herman Miller, Inc.*, 162 F.R.D. 289, 291 (W.D. Mich.1995) (citing *Gandee v. Glaser*, 785 F. Supp. 684, 686 (S.D. Ohio 1992)). "'An order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure.'" *Mattox v. Edelman*, No. 12-13762, 2014 WL 4829583, at *2 (E.D. Mich. Sept. 29, 2014) (quoting *Ford Motor Co. v. United States,* No. 08–12960, 2009 WL 2922875, at *1 (E.D. Mich. Sept. 9, 2009)).

3

**III.     ANALYSIS**

The Magistrate Judge reasonably resolved the parties' "scheduling" dispute in this matter based upon the evidence that was presented in support of and in opposition to the motions. The correspondence between counsel reflects a genuine effort to arrange the depositions of these two witnesses with consideration given to Miri Florjan's work obligations. Regarding the obligation to provide a translator, Defendants point out that Plaintiff never objected to defense counsel's request in multiple emails that made clear that Defendants expected Plaintiff to "hire an interpreter" for the depositions. (ECF No. 36-1.) If Plaintiff planned to ignore this request, or objected to the imposed obligation, this was a point that should have been raised and resolved before the deposition of KC was set to proceed. Plaintiff's counsel's tactical choice to silently disregard the request and appear for the deposition without an interpreter, and without having attempted to resolve the issue in advance, was the wrong choice under the circumstances.

Additionally, neither party has provided the Court with any legal authority regarding who should bear the cost of an interpreter in such a situation and the Court concludes that Magistrate Judge Komives's Order reasonably implies that the party who wishes to have an interpreter present should arrange for and bear the cost of that service. This point needed no clarification. The Magistrate Judge also made the reasonable decision to leave it to the parties to agree upon the qualifications of a translator, such matters being best resolved by the cooperation of the parties without the necessity of court intervention.

**IV.     CONCLUSION**

The Court concludes that Magistrate Judge Komives's resolution of the parties' motions need not have been "the best or only conclusion that [could] be drawn from the evidence," but only "a

4

reasonable one given the evidence" presented to him. The Court finds that Magistrate Judge Komives's findings were not clearly erroneous and his conclusions were not contrary to law. Accordingly, the Court DENIES Plaintiff's Objections, AFFIRMS the November 21, 2014 Order. IT IS SO ORDERED.

s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: February 18, 2015

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on February 18, 2015.

s/Deborah Tofil
Case Manager